# 22-2079

## United States Court of Appeals
### *for the*
## Second Circuit

In Re: JBR, INC.,

*Petitioner.*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JBR, INC., DBA Rogers Family Company,

*Petitioner,*

– v. –

KEURIG GREEN MOUNTAIN INC., as successor to Keurig, Incorporated, FKA Green Mountain Coffee Roasters Inc.,

*Respondent.*

ON PETITION FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**RENEWED PETITION FOR WRIT OF MANDAMUS TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

DANIEL JOHNSON JR.
DAN JOHNSON LAW GROUP, LLP
*Attorneys for Petitioners JBR, Inc. d/b/a Rogers Family Company*
1350 Old Bayshore Highway, Suite 520
Burlingame, California 94010
(415) 604-4500
dan@danjohnsonlawgroup.com

# CORPORATE DISCLOSURE STATEMENT

Petitioner is a privately held company, and has no parent corporation or stockholders.

/s/ Daniel Johnson Jr.
Daniel Johnson Jr.
Dan Johnson Law Group LLP
*Counsel for Petitioners*
*JBR, Inc., d/b/a Rogers Family Company*

Dated: January 19, 2023

# TABLE OF CONTENTS

                                                               **Page**

CORPORATE DISCLOSURE STATEMENT ...................................................... i
TABLE OF AUTHORITIES ............................................................................. iii
STATEMENT OF JURISDICTION .................................................................... 1
STATEMENT OF RELIEF SOUGHT ................................................................ 1
STATEMENT OF THE ISSUE PRESENTED FOR REVIEW ............................ 2
STATEMENT OF THE CASE ........................................................................... 3
RELEVANT LEGAL STANDARDS ................................................................. 3
ARGUMENT ...................................................................................................... 4
CONCLUSION ................................................................................................. 10
CERTIFICATE OF COMPLIANCE ................................................................. 11
CERTIFICATE OF SERVICE .......................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases:**

*In re Activated Carbon-Based Hunting Clothing Mktg. & Sales Practices Litig.*,
  840 F. Supp. 2d 1193 (D. Minn. 2012) ..................................................................8

*In re Brand–Name Prescription Drugs Antitrust Litig.*,
  264 F. Supp. 2d 1372 (J.P.M.L. 2003) ...................................................................9

*In re Evergreen Valley Project Litig.*,
  435 F. Supp. 923 (J.P.M.L.1977) ...........................................................................9

*In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*,
  No. 08 CIV. 5440 RJH, 2011 WL 1046162 (S.D.N.Y. Mar. 22, 2011) ................8

*McKay v. Novartis Pharmaceutical Corp.*,
  751 F.3d 694 (2014) ...............................................................................................9

*McKay v. Novartis Pharmaceutical Corp.*,
  NO. 3-06-MD-1760 (08/11/11) ..............................................................................9

**Statutes & Other Authorities:**

15 U.S.C. § 1 ................................................................................................................1

15 U.S.C. § 2 ................................................................................................................1

15 U.S.C. § 14 ..............................................................................................................1

15 U.S.C. § 15 ..............................................................................................................1

15 U.S.C. § 1125(a) .....................................................................................................1

28 U.S.C. § 1331 ..........................................................................................................1

28 U.S.C. § 1332 ..........................................................................................................1

28 U.S.C. § 1337 ..........................................................................................................1

28 U.S.C. § 1367 ..........................................................................................................1

28 U.S.C. § 1651 ....................................................................................................1, 10

# STATEMENT OF JURISDICTION

This Court has jurisdiction of this matter as reflected by its order dated November 15, 2022, attached as an exhibit. Add.40.

As recited in its September 22, 2022 petition for writ of mandamus, JBR (d/b/a Rogers Family Coffee or "Rogers") filed suit pursuant to Section 3 of the Clayton Act (15 U.S.C. § 14), Sections 1 and 2 of the Sherman Act (15 U.S.C. §§ 1, 2), and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) as well as various California state law claims arising from the same transactions and a common nucleus of operative facts. Add.10. The district court has jurisdiction pursuant to 15 U.S.C. § 15 and 28 U.S.C. §§ 1331, 1337. The district court has jurisdiction over JBR's remaining causes of action pursuant to the doctrine of supplemental jurisdiction (28 U.S.C. § 1367) because the remaining causes of action all arise from the same transactions and from a common nucleus of operative facts. The district court also has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.

This Court has jurisdiction to issue a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651.

# STATEMENT OF RELIEF SOUGHT

This Court exercised jurisdiction over this matter in its November 15, 2022 Order, which provided the District Court with opportunity to act within 60 days on

1

pending motions. Add.40 ("without prejudice to renewal if the district court fails to take action on the pending motions within 60 days of the date of this order."). Now that the 60-day period in the Order has lapsed, this Court should continue to exercise its jurisdiction and order Judge Vernon Broderick to resolve the pending motions and (1) order Judge Broderick to decide the pending matters (including summary judgment and *Daubert* motions) within 10 business days and (2) order Judge Broderick to recommend to the JPML to remand JBR's case to the Eastern District of California within 10 business days. Alternatively, if all pending matters involving JBR are not resolved within 10 business days, the Court should order Judge Broderick to sever JBR's involvement as a moving party or affected party in all pending motions in the Southern District of New York so that the Eastern District of California can set a new motions calendar solely relating to JBR's case.

## STATEMENT OF THE ISSUE
## PRESENTED FOR REVIEW

After this Court issued an order that provided the district court the opportunity to "to take action on the pending motions within 60 days of the date of this order" for "pending motions for summary judgment", *Daubert* motions, and other motions, does a district court act beyond the scope of its discretion and fail to exercise jurisdiction by failing to reach timely decision on long pending motions and failing to set a trial date so that no summary judgment decision or trial date will issue until more than 9 years have elapsed since the case was filed, causing

critical witness testimony to no longer be available and increasing the likelihood of fading witness memory, lost documents, and other evidence going missing?[1] Does the district court act beyond the scope of its discretion and fail to exercise jurisdiction by refusing to remand a transferred case in MDL while at the same time refusing to timely rule on motions for summary judgment and *Daubert* motions and refusing to set a trial date in the combined MDL, thereby denying the transferred plaintiff any opportunity to plan for trial and ensure that its witnesses are available to testify when trial is scheduled?

## STATEMENT OF THE CASE

The background of the case filed in 2014 is fully recited in the petitioner's original writ petition submitted on September 22, 2022 and attached as an exhibit to this renewed petition. Add.1.

## RELEVANT LEGAL STANDARDS

The relevant legal standards are recited in petitioner's original writ petition that was the subject of the Court's November 15, 2022 Order. Add.22.

---

[1] In an exhaustive 120-page opinion and order in March 2022 sanctioning Keurig, Magistrate Judge Cave found that Keurig was negligent in failing to preserve evidence, resulting in loss of employee hard drives and hard copy documents. Add.34. Keurig appealed Magistrate Judge Cave's sanctions order in April 2022, but Judge Broderick has yet to rule on Keurig's Rule 72 appeal. Add.112.

# ARGUMENT

On September 22, 2022, Petitioner filed a petition for writ of mandamus with this court seeking to compel trial judge Vernon Broderick to decide numerous motions that had been pending for more than six months and in many instances for more than one year. Add.1. Petitioner needed the requested relief because the inaction by the trial court over an 8-year period had damaged Petitioner's ability to prosecute its case. Petitioner sought relief from this court to order Judge Broderick to suggest to the Judicial Panel on Multi-District Litigation to return this case to the Eastern District of California where the matter had been filed initially or to rule on the outstanding motions for summary judgment and other pending motions.

On November 15, 2022, this Court issued the following order:

> Petitioner has filed a petition for a writ of mandamus directing the district court to either rule on pending motions for summary judgment or provide alternative relief. Upon due consideration, it is hereby ORDERED that the mandamus petition is DENIED without prejudice to renewal if the district court fails to take action on the pending motions within 60 days of the date of this order.

Add.40.

The last day for the trial court to act on this Court's Order before Petitioner was allowed to file a new writ was January 17, 2023. On January 17, the Court issued a non-substantive procedural Order relating to a fraction of the motions to seal filed in 2022, but did not rule on any of the other "pending motions", including summary judgment motions or *Daubert* motions filed in 2021, or address

4

the timing of remand of JBR's case to the Eastern District of California. Add.64. The last page of the January 17, 2023 Order suggested that the district court will not issue any substantive rulings on *Daubert* or summary judgment motions until after the district court has ruled on outstanding sealing motions and Keurig's appeal of the Magistrate Judge's spoliation of evidence order. Add.112. By sequencing the motions calendar to rule first on non-substantive issues and then sanctions issues, the district court is setting up a procedure in which the *Daubert* and summary judgment rulings will not issue until at earliest late summer or early fall 2023 — ***over 9 years after JBR's case was filed*** and likely over 2 years after the *Daubert* and summary judgment motions were filed.

Ironically, in support of his decision that there were numerous documents that were no longer confidential, Judge Broderick uses the same logic that supports the issuance of this writ, the passage of time rendered much of the evidence stale. App.95 ("**I agree with JBR that, as a general matter, years', and in some cases decade old information should not be sealed absence [sic] a compelling showing.**"); App.96 ("**JBR may redact Figures 44, 45, 47, 48, 50, and 51 so that information from 2016 onwards is redacted. All other redaction requests are denied. The information is stale….**") (emphasis added). Judge Broderick, using this logic, denied numerous requests by parties and third parties to seal financial information, contracts, and emails from prior to 2016 because each of those

5

categories of documents are "stale" and there was insufficient credible showing that the information in those documents was still commercially sensitive so as to justify sealing. Add.70, Add.83, Add.85, Add.88, Add.89, Add.91, Add.95, Add.96, Add.99, Add.100, Add.102, Add.103, Add.105, Add.106, Add.108. The logic of the ruling of no basis for sealing will apply to the vast majority of the produced documents in the case, covering the time period 2008-2015. The staleness argument applies with equal force to witnesses and to technology and compels the issuance of the writ as the passage of time continues to harm Petitioner.

As discussed above, Judge Broderick's blueprint set out in the January 17 Order requires a month of negotiations by the parties, followed by a ruling from the district court, to determine what documents are confidential before the Court deals with substantive motions. Add.111, Add.112. This approach is in sharp contrast to an identical situation that arose when the district court issued its opinion on the motion to dismiss in April 2019. In that instance, the district court provided the parties with a copy of the opinion and gave each side a short period in which to propose redactions. Add.113. Once the parties responded, the court then issued the opinion in the public record. Add.114, Add.115, Add.52. The same procedure could be used here: the court can issue its summary judgment decision and order

the parties to meet and confer on any redactions. This approach would eliminate the needless delay inherent in the Judge's January 17 order.

As it currently stands, the so-called meet and confer approach for sealing in the current order will not be completed before February and there is no timetable for when the district court will issue its *Daubert* or summary judgment decisions, set a trial date or remand the Rogers case to the Eastern District of California. Stated another way, unless this court acts, Judge Broderick has no current plans to rule on any of the motions identified by this Court and appears to believe that his partial rulings on what qualifies as confidential documents should suffice to avoid the issuance of a writ. It bears emphasis that since the date of this Court's November 15, 2022 order,[2] the trial judge has failed to rule on any of the summary judgment motions or on any substantive matter pertaining to the JBR case. Likewise, Judge Broderick has yet to rule on Keurig's April 2022 appeal of Magistrate Judge Cave's sanctions order for Keurig's spoliation of evidence, a critical issue in the case given the passage of time and the importance of the lost evidence. Add.112. Nor has the trial court issued an "alternative remedy" and issued an order recommending transfer of JBR's case to the Judicial Panel on Multi

---

[2] A certified copy of the order was entered on the District Court's docket on November 15, 2022, ECF No. 1941 (Add.53). The mandate issued on December 6, 2022, reflecting entry of the same November 15, 2022 Order (Add.54).

7

District Litigation (JPML). By contrast, Judge Broderick issued orders in 20 other pending cases, including numerous cases filed in 2022. Add.42.

Having failed to take advantage of the opportunity provided by this Court's November 15, 2022 order to issue a substantive ruling on summary judgment and *Daubert* motions, and having failed to rule on any substantive matter in the JBR case, Petitioner has no option but to request that this court immediately issue an order directing the district court to decide all pending motions involving JBR within 10 business days, and issuing an order recommending that the Judicial Panel on Multi-District Litigation remand the JBR matter to the Eastern District of California. In the alternative, this Court should order that the District Court sever JBR from all pending motions in the Southern District of New York that may affect the JBR case and request remand so that the court in the Eastern District of California can set a new motions schedule solely pertaining to JBR's case.

The Court has discretion to recommend to the JPML to transfer JBR's case to the Eastern District of California at any time prior to trial, including before summary judgment motions have been decided. *In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, No. 08 CIV. 5440 RJH, 2011 WL 1046162, at *4 (S.D.N.Y. Mar. 22, 2011) ("It is not contemplated that a Section 1407 transferee judge will necessarily complete all pretrial proceedings in all actions transferred and assigned to him by the Panel."); *In re Activated Carbon-Based Hunting*

*Clothing Mktg. & Sales Practices Litig.*, 840 F. Supp. 2d 1193, 1199-1200 (D. Minn. 2012); ("the statute authorizing consolidation before a single judge makes clear that a transferred action may be remanded at ***or before*** the conclusion of coordinated pretrial proceedings" and courts "routinely suggest remand despite pending dispositive motions."); *In re Evergreen Valley Project Litig.,* 435 F. Supp. 923, 924 (J.P.M.L.1977); *In re Brand–Name Prescription Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1375 (J.P.M.L. 2003) ("The plain language of section 1407 accords the Panel discretion to remand cases before the conclusion of pretrial proceedings."); *see also McKay v. Novartis Pharmaceutical Corp.*, 751 F.3d 694, 698 (2014) (MDL court issued partial summary judgment on one causation issue but case was remanded to the original filing court for decision on summary judgment on other case issues). In *McKay v. Novartis Pharmaceutical Corp.*, NO. 3-06-MD-1760, the MDL court's August 11, 2011 Suggestion of Remand explicitly referenced a previously pending *Daubert* motion, pending motion for summary judgment, and pending motion to exclude expert testimony and stated "[t]he Court suggests that these Motions be remanded to the transferor court for decision…." Add.63.

In the alternative, to facilitate the transfer of the case to the Eastern District of California, the Court should order the District Court to sever JBR without prejudice from its joinder on any motions filed by other plaintiffs so that JBR can

9

file new motions once a new trial judge has been selected after the matter has been remanded. A copy of the original petition is attached along with a case docket report reflecting the lack of activity discussed above. Add.1, Add.50.

## CONCLUSION

In furtherance of this Court's jurisdiction, and as authorized by 28 U.S.C. § 1651, JBR respectfully requests that this Court grant a writ ordering (1) Judge Broderick to resolve the pending motions and (2) recommend to the JPML that the JBR matter be remanded to the Eastern District of California. JBR respectfully requests that this Court grant a writ ordering the district court to sever JBR's involvement in any motions currently pending in the MDL matter in the Southern District of New York so that the Eastern District of California can set a new motions calendar solely pertaining to JBR's case.

Respectfully submitted,
JBR, Inc., d/b/a Rogers Family Company,
*Petitioners*

*/s/ Daniel Johnson Jr.*
Daniel Johnson Jr. (CA Bar No. 57409)
DAN JOHNSON LAW GROUP, LLP
1350 Old Bayshore Highway, Suite 520
Burlingame, CA 94010
Telephone: 415-604-4500
dan@danjohnsonlawgroup.com
*Counsel for Petitioners*
*JBR, Inc., d/b/a Rogers Family Company*

# CERTIFICATE OF COMPLIANCE

This brief complies with the word limit of Fed. R. App. P. 21(d)(1) because, excluding the portions exempted by Fed R. App. P. 21(a)(2)(C),

[X] this brief contains 2,366 words

[ ] this brief uses monospaced type and contains [ ] lines

This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

[X] this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font; or

[ ] this brief or other document has been prepared in a monospaced typeface using [ ] in [ ].

Dated: January 19, 2023

*/s/ Daniel Johnson Jr.*
Daniel Johnson Jr. (CA Bar No. 57409)
DAN JOHNSON LAW GROUP, LLP
1350 Old Bayshore Highway, Suite 520
Burlingame, CA 94010
Telephone: 415-604-4500
dan@danjohnsonlawgroup.com

# CERTIFICATE OF SERVICE

I certify that on January 19, 2023, this petition and the accompanying addendum were filed electronically with the Clerk of the Second Circuit Court of Appeals through the Court's electronic filing system, which will accomplish service on counsel for all parties.

Dated: January 19, 2023

*/s/ Daniel Johnson Jr.*
Daniel Johnson Jr. (CA Bar No. 57409)
DAN JOHNSON LAW GROUP, LLP
1350 Old Bayshore Highway, Suite 520
Burlingame, CA 94010
Telephone: 415-604-4500
dan@danjohnsonlawgroup.com
